F I L E D
United States Court of Appeals
Tenth Circuit

**January 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MARCUS L. RICKS,

      Petitioner-Appellant,

v.

GARY B. KEMPKER, Director, Missouri
Department of Corrections; PAUL J.
MORRISON, Tenth Judicial District
Prosecuting Attorney, Johnson County,
Kansas; G. HOUGLAND, Tenth Judicial
District Judge, Johnson County, Kansas;
MIKE KEMNA, Superintendent,
Crossroads Correctional Center;
FRANCES BROWN, Record Officer III,
Crossroads Correctional Center;
JEREMIAH (JAY) NIXON, Attorney
General of the State of Missouri; PHIL
KLINE, Attorney General of the State of
Kansas,

      Respondents-Appellees.

No. 05-3443

(D.C. No. 05-CV-3016-SAC)
(D. Kan.)

---

**ORDER**

---

Before **BRISCOE, LUCERO,** and **MURPHY**, Circuit Judges.

---

Petitioner Marcus Ricks, a Missouri prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's dismissal of his 28 U.S.C.

§ 2241 habeas petition.  Because Ricks has failed to make "a substantial showing of the

denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request and dismiss

the appeal.

Ricks is currently confined in the custody of the Missouri Department of Corrections (MDOC) serving lengthy terms of imprisonment for first-degree robbery and armed criminal action. On May 17, 2004, the Sheriff of Johnson County, Kansas, lodged with the MDOC a detainer against Ricks based upon criminal charges pending against, and a related arrest warrant issued for, Ricks in Johnson County criminal case number 93-CR-2729. Ricks responded to the detainer by filing several pro se pleadings in the District Court of Johnson County, Kansas, including a request for speedy trial pursuant to the Interstate Agreement on Detainers Act (IADA). The Johnson County District Attorney's Office subsequently initiated a request pursuant to the IADA to obtain temporary custody of Ricks in order to bring him to trial. MDOC officials forwarded that request to the Governor of the State of Missouri for his approval.[1]

On January 14, 2005, Ricks filed this federal habeas petition. Ricks' petition effectively sought removal of the detainer on the grounds that an identical detainer had previously been lodged against him in June 1995 and then withdrawn in March 2000. Ricks' petition also argued, in the alternative, that he had been denied the right to a speedy trial in the pending criminal proceedings in Johnson County. Respondents moved to dismiss Rick's petition arguing that (1) the June 1995 detainer was lodged against Ricks by the Kansas Department of Corrections as a result of an alleged parole violation,

---

[1] It is unclear from the record whether the Governor of the State of Missouri approved the request for temporary custody.

and thus was not related to the May 2004 detainer lodged against Ricks by Johnson County authorities, and (2) Ricks had failed to exhaust his state court remedies with respect to his speedy trial claim. On October 12, 2005, the district court granted respondents' motion and dismissed Ricks' petition. Ricks now seeks a COA from this court in order to challenge the district court's ruling.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." Id. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable whether . . . the district court was correct in its procedural ruling." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." Id.

After examining the record on appeal, we conclude Ricks has failed to make these

showings. With respect to his claim that the current detainer lodged against him is identical to one previously lodged and then dismissed, the record on appeal conclusively establishes otherwise. As noted by respondents and the district court, the previous detainer was lodged by the Kansas Department of Corrections based upon an alleged parole violation, whereas the current detainer was lodged by Johnson County authorities based upon pending criminal charges. As for Ricks' speedy trial claim, we agree with respondents and the district court that Ricks has failed to adequately pursue this claim in the Kansas state courts, and thus has failed to exhaust his state court remedies. See generally Wilson v. Jones, 430 F.3d 1113, 1117 (10th Cir. 2005) (noting that, absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies).

The request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge